Lowell L. ROBERTSON; Marilyn A. Robertson Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE Respondent–Appellee.

No. 99–71368.
Tax Court No. 15586–88.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 2000.

Decided March 5, 2001.

Before SCHROEDER, Chief Judge,
CYNTHIA HOLCOMB HALL and W.
FLETCHER, Circuit Judges.

## MEMORANDUM *

Appellants appeal the tax court's finding that the computer sale-leaseback transaction in which they invested was a sham transaction, as well as its finding that Appellants were liable for penalties for negligence. We agree with the tax court on both issues.

### 1. Sale–Leaseback Transaction

■ Tax benefits from sale-leaseback transactions, even when entered into with an eye to tax benefits, can be acceptable: "The fact that favorable tax consequences were taken into account by [the taxpayer] on entering into the transaction is no reason for disallowing those consequences." *Frank Lyon Co. v. United States*, 435 U.S. 561, 580, 98 S.Ct. 1291, 55 L.Ed.2d 550 (1978). However, "[w]hen a transaction is entered into without any purpose other than to obtain tax benefits, the form of the transaction will be disregarded and the tax benefits denied." *Ockels v. Comm'r*, 54 T.C.M. 785, 796 (1987) (citing *Law v. Comm'r*, 86 T.C. 1065, 1093, 1986 WL 22133 (1986)).

■ This court uses a flexible two-prong test to determine whether a transaction was a sham: (1) whether the transaction was likely to have economic substance aside from the tax benefits (an objective test); and (2) whether there was a business purpose for entering into the transaction, aside from tax avoidance (a subjective test). *Casebeer v. Comm'r*, 909 F.2d 1360, 1363 (9th Cir.1990). If the transaction fails the test, it is considered a sham. The taxpayer bears the burden of proving that the transaction is not a sham. *See Ockels v. Comm'r*, 54 T.C.M. (CCH) 785 (1987) (citing Rule 142(a)).

■ Under the economic substance prong, the court determines whether, objectively, the transaction presents a reasonable opportunity for profit in addition to the potential tax avoidance. The tax court's conclusion that Appellants purchased only a limited interest in the computers in question is an analytically permissible basis for describing the nature and assessing the value of what they had purchased. There might have been economic substance to the transaction had Appellants purchased an interest with a higher value. But Appellants purchased only a percentage of any lease after the expiration of the Initial User Lease, and the fee simple in the computers remaining at the end of the Master Lease. The value of Appellants' purchase depended entirely on the value of these interests. The district court did not err in finding that the amount of money Appellants could have expected in return for this purchase was so small that the sale-leaseback transaction was a sham.

■ Under the business purpose prong, the court looks at the taxpayer's subjective belief as to whether the transaction had a business purpose other than tax avoidance. Despite the expertise of Appellant Lowell Robertson and his partners, the tax court did not err in deeming insufficient the information on which they relied, and therefore in finding that there was no business purpose.

### 2. Penalties

■ The tax court upheld imposition of negligence-based penalties on Appellants, under 26 U.S.C. §§ 6653(a)(1), 6653(a)(2), and 6661. "The assessment of ... a penalty is presumptively correct; the taxpayer against whom it is assessed has the burden of proving that her under-

---

---

payment was not the result of negligence." *Kantor v. Comm'r*, 998 F.2d 1514, 1522 (9th Cir.1993). A taxpayer's reliance on advice must be reasonable under the circumstances of the case. *See Skeen v. Comm'r*, 864 F.2d 93, 96 (9th Cir.1989).

Appellants have not established that the tax court erred in finding the testimony they presented on this issue not credible. Appellants' argument that penalties are inappropriate because the tax court relied on a "novel legal theory" in coming to its conclusion is also without merit. The court did not use a novel legal theory, but compared the amount of the cash down payment to the amount Appellants could expect to make from their investment.

The tax court rejected expert testimony presented by Appellants in the negligence penalties hearing. Appellants argue that such a holding was an abuse of discretion. The trial court is obliged to perform a "gatekeeping" function to ensure that expert testimony is "not only relevant, but reliable." *Kumho Tire*, 526 U.S. at 147, 119 S.Ct. 1167 (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). In *Kumho*, the Supreme Court upheld the district court's decision to reject an expert's testimony because it found his methodology unreliable. *Id.* at 153, 119 S.Ct. 1167. The tax court in this case found that Appellants' expert testimony was not objective; it therefore did not abuse its discretion in deeming the testimony unreliable. Moreover, the tax court did not err in concluding that expert testimony was, in any event, not relevant to its

conclusion regarding the negligence penalties.

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.